Budd *v.* Sip.

JOSEPH BUDD, appellee, v. GARRET SIP, appellant.

There is nothing in the act, for the better regulation of fishing, in the Hackensack river, in the county of Bergen, to limit the right of setting nets to the eastern shore of the river.

This was an action of debt, brought by Joseph Budd, in the court for the trial of small causes, to recover the penalty of twenty dollars under the fourth section of the act for the better regulation of fishing in the Hackensack river, in the county of Bergen, passed the seventh day of December, 1825.

It appeared from the evidence that the defendant, Garret Sip, had set a net in the Hackensack river, on the westerly shore, within the time mentioned in the act, and not extending more

Bowlsby *v.* Johnston.

than one fifth of the way across the river. The justice rendered judgment in favor of the plaintiff for the penalty, with costs, which was removed by appeal to the Court of Common Pleas of the county of Bergen, at the instance of the defendant. That court reversed the judgment of the justice, and gave judgment for the defendant, the appellant. The judgment of the Common Pleas is removed into this court by certiorari.

*W. Pennington* for the plaintiff in certiorari contended, that the defendant had incurred the penalty under the act, by setting his net on the westerly shore of the river. The act only permitted nets to be set on the easterly shore.

*Dodd,* contra.

BY THE COURT. The judgment of the Common Pleas of Bergen county, in this cause, must be affirmed. By the very terms of the act of Assembly, the defendant, as well as every other citizen, has a right within the period mentioned in the act, to set a net or fike, on the shore of the Hackensack river, provided he does not extend it into the river more than one fifth of the way across. It fully appears by the record and state of the case agreed upon between the parties, that the defendant has not violated the act in this, or any other particular ; unless he has done so, by his setting his net on the western shore. But there is nothing in the act to limit the right of setting nets to the eastern shore of the river, without adopting a very forced construction ; which we cannot do, especially in support of a penal action.

Judgment affirmed.